USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    2/19/2025

**Weil, Gots**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jonathan D. Polkes**
+1 (212) 310-8881
jonathan.polkes@weil.com

BY ECF

February 18, 2025

Hon. Analisa Torres, U.S.D.J.
United States District Court, S.D.N.Y.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *In re Warner Bros. Discovery, Inc. Derivative Litigation*, Lead Case No. 1:24-cv-9856-AT
(S.D.N.Y. 2024)

Dear Judge Torres:

Pursuant to Sections I(B) and I(C) of the Court's Individual Practices in Civil Cases, the parties in the above-captioned action (the "Consolidated Derivative Action") respectfully submit this joint letter requesting a stay pending the entry of a decision on the anticipated motion to dismiss the complaint in the earlier-filed putative securities class action, *Collura v. Warner Bros. Discovery, Inc. et al.*, No. 1:24-cv-09027-KPF (the "Securities Action"). The complaints in the Consolidated Derivative Action and the Securities Action are brought against overlapping defendants and assert claims based on similar allegations.

The parties have conferred and agree, subject to the Court's approval, as follows:

1.  The Consolidated Derivative Action (including Defendants' time to answer, move to dismiss, or otherwise respond to the complaints, and all discovery) shall be stayed until the earlier of: (i) the issuance of a final decision and order on all motions to dismiss the operative complaint in the Securities Action (if any); or (ii) either Party providing the other Party thirty (30) days' notice that they no longer consent to the stay. Nothing herein shall affect the Parties' rights to move the Court to lift or extend the stay, or to move for a further stay, and/or to oppose any such motion(s); provided that Defendants shall not move to stay the Consolidated Derivative Action on the grounds that a Related Derivative Action (defined below) should proceed before the Consolidated Derivative Action.

2.  Defendants shall promptly notify Plaintiffs of any new derivative actions, litigation demands, or demands pursuant to 8 *Del. C.* §220 of which they become aware that assert allegations that are substantially similar to the allegations made in the Action ("Related Derivative Action(s)" or "Related Demand(s)").

3.  Defendants shall promptly notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration.

**Weil, Gotshal & Manges LLP**

February 18, 2025
Page 2

4.  Subject to counsel entering a reasonable and mutually agreeable confidentiality agreement or protective Order, Defendants shall promptly provide Plaintiffs with all documents produced to plaintiffs in the Securities Action, any Related Derivative Actions, or stockholders with Related Demands.

5.  If Defendants engage in mediation or any formal settlement discussions in the Securities Action or any Related Derivative Action, Defendants agree to provide Plaintiffs with reasonable advance notice and to invite Plaintiffs to participate in such mediation or settlement discussions. If Defendants produce documents to the plaintiffs in the Securities Action or in any Related Derivative Action, in connection with a mediation, Defendants agree to provide them to Plaintiffs on the same terms.

6.  Notwithstanding the agreed-upon stay of the Consolidated Derivative Action, Plaintiffs may amend the complaints during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to any amended complaints during the pendency of the stay.

7.  No later than thirty (30) days following the lift or termination of the stay pursuant to paragraph 1, the parties shall meet and confer and submit a proposed scheduling order.

8.  The undersigned counsel for Defendants accepts service on behalf of all of the Defendants without prejudice and without waiver of any of Defendants' defenses, objections, or arguments in this matter or any other matter, including, without limitation, those regarding personal jurisdiction, subject matter jurisdiction, or venue, except as to the sufficiency of service of process of the summons and the complaints.

Defendants previously requested an extension of time to answer, move, or otherwise to the *Roy*[1] complaint, which the Court granted. ECF No. 14. Therefore, this is Defendants' second request for an extension of time to answer, move, or otherwise respond to that complaint and the first request with respect to the remaining three derivative complaints. This is Plaintiffs' first request for an adjournment. The Court's January 15, 2025 Order directed the parties to file a joint letter and proposed case management plan by February 20, 2025. *See id.*

Accordingly, the parties respectfully request that the Court stay the Consolidated Derivative Action pending entry of the decision on the anticipated motion to dismiss the Securities Action, pursuant to the terms set forth herein.

GRANTED.  This action is STAYED.  Within **two days** of the ruling on the anticipated motion to dismiss in the Securities Action, the parties shall notify the Court of said ruling.

SO ORDERED.

Dated:  February 19, 2025
      New York, New York

_____

**ANALISA TORRES**
**United States District Judge**